JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Felipe Paredes Fierros,

Petitioner,

v.

United States District Court for the District of Arizona, et al.,

Respondents.

No. CV-26-03314-PHX-DJH (JZB)

**ORDER**

## I.      Procedural History

On May 11, 2026, pro se Petitioner Felipe Paredes Fierros, an immigration detainee who is confined in the Central Arizona Florence Correctional Complex, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)  On May 14, 2026, the Court dismissed Grounds Two and Three of the Petition and ordered Respondents to show cause why the remainder of the Petition should not be granted.  (Doc. 4.)

On June 4, 2026, Petitioner filed an Amended Petition.  (Doc. 11.)  On June 8, 2026, Respondents filed their Response to the original Petition.  (Doc. 12.)  On June 12, 2026, Petitioner filed a letter to the Court seeking a bond hearing.  (Doc. 13.)

## II.     Amended Petition

Petitioner is a native and citizen of Mexico who entered the United States on February 1, 2024 at a port of entry.  (Doc. 12-1 at 2.)  Petitioner was issued a Notice to

Appear on June 2, 2025 before an immigration judge and was released into the United States. (*Id.*) Petitioner obtained a work permit and a Social Security card. (Doc. 11 at 12.)

On January 29, 2025, an Immigration Judge ordered Petitioner removed from the United States. (Doc. 12-2 at 2-5.) Petitioner appealed the decision to the Board of Immigration Appeals (BIA), and he was permitted to remain at liberty pending the appeal.

Petitioner was detained by Immigration and Customs Enforcement on December 22, 2025. Petitioner contends he was arrested without "any legal basis," a proper warrant, or "any explanation" while he was "waiting on [his] appeal." (Doc. 11 at 5.) On March 9, 2026, Petitioner filed a Motion to Withdraw his appeal, which the BIA granted on June 2, 2026. (Doc. 12 -3.)

**III.    Discussion**

In their Response to the original Petition, Respondents assert that Petitioner's order of removal became final on June 2, 2026, and Petitioner is subject to mandatory detention under 8 U.S.C. § 1231. (*Id.*) Respondents are correct.

Petitioner's order of removal became final when the BIA granted his motion to dismiss his appeal on June 2, 2026. *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . . [u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable" and does not violate the Fifth Amendment. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Here, Petitioner is subject to mandatory detention because 90 days have not elapsed since his order of removal became final.  Petitioner is therefore not entitled to release on bond or a bond hearing.

For the foregoing reasons, the Court will dismiss the Amended Petition without prejudice and deny Petitioner's request for a bond hearing.

**IT IS ORDERED**:

(1)    Petitioner's request for a bond hearing (Doc.13) is **denied**.

(2)    The Amended Petition (Doc. 11) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

Dated this 23rd day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge